

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas Liquor Control Board
Austin, Texas

Gentlemen:

Opinion No. O-1765
Re: Authority of Limitation of
Payments Board to authorize
Texas Liquor Control Board
to use funds to employ State
Auditor to audit the accounts
of the Texas Liquor Control
Board.

You have presented to the Limitation of Payments
Board, composed of the Governor, the State Treasurer, and
the Attorney General, your application for authority from
that body to spend $7500.00 "out of the Liquor Tax Fund,"
to be made available to the State Auditor for an audit of
the accounts of the Texas Liquor Control Board.

Your application states:

"That such a fund is available by virtue of
law to the Texas Liquor Control Board, such fund
being the Liquor Tax Fund; from which fund there
is allocated money to pay the regular appropria-
tions made for maintenance of the Texas Liquor
Control Board, as well as the other allocations
made to the Old Age Assistance Fund, the Avail-
able School Fund, and the General Revenue Fund."

Section 46 of the Texas Liquor Control Act pro-
vides as follows:

"Receipts from the sale of liquor stamps
shall be deposited in the State Treasury as fol-
lows: 1/4 to the credit of the Available School

Fund, and 3/4 to the credit of the Texas Old
Age Assistance Fund. All revenues derived
from the sale of permits provided for under
Article 1 shall be deposited to the credit of
the Texas Old Age Assistance Fund."

The departmental appropriation bill passed by the
46th Legislature, E. B. 427, at p. 87 of the Senate Journal,
provides as follows by special rider, after appropriating,
by itemization, some $732,690.00 per fiscal annum to the
Texas Liquor Control Board:

"Subject to the limitations set forth in the
provision appearing at the end of this Act, all
appropriations herein made for the Texas Liquor
Contol Board shall be paid out of proceeds de-
rived from the sale of alcoholic beverage stamps
before such proceeds are allocated to respective
funds required by law, and said amount is hereby
appropriated therefrom for each of the fiscal years
ending in August 31, 1940 and August 31, 1941."

The jurisdiction of the Limitation of Payments
Board, set up in the departmental appropriation bill pass-
ed by the 46th Legislature, is limited to the situation where
the amount of the fees, receipts, special or other funcs
available for use by a department, are more than sufficient
to pay the items designated in the departmental appropriation
bill to be paid therefrom, in which event the department to
which the fees, receipts, special or other available funds
are appropriated may, "if necessary to adequately perform
the functions of said department, use any portion of said
surplus fees, receipts, special funds, or other available
funds; . . ."

There could exist a "surplus" in the special fund,
subject to the jurisdiction of the Limitation of Payments
Board, only in the situation where the special fund is dedi-
cated to the use and benefit of the Texas Liquor Control
Board for the administration of the affairs of that department,
and where the Legislature appropriated only a portion of said
fund expressly by virtue of the provisions of the departmental
appropriation bill, leaving the surplus in the special fund,
over and above the amount of the items specifically appropria-
ted by the Legislature therefrom, to be distributed by the
Limitation of Payments Board under the authority therein con-

ferred. There is no dedication of the liquor tax fund to the Texas Liquor Control Board for the expenses involved in administering the affairs of that body. On the contrary, the only amounts out of said Fund available to that Board in any event for expenditure in operating the department are those expressly appropriated to it by the Legislature in the departmental appropriation bill. The balance of the fund is dedicated and allocated to the Available School Fund and the Texas Old Age Assistance Fund, by virtue of the law which creates the fund. The balance or "surplus" in such fund is not "available" for the use of the Texas Liquor Control Board, and in such a situation there can exist no "surplus" in that fund subject to the jurisdiction of the Limitation of Payments Board.

The application presented by you is defective in several particulars, and for such reason is not sufficient in any event to invoke the jurisdiction of the Limitation of Payments Board. However, since we have determined that the Board would not have jurisdiction to grant your request if your application were properly prepared, we refrain from pointing out to you at this time the particulars in which the application is defective.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED DEC 13, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *Burs*
CHAIRMAN